United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50793
Summary Calendar

PATRICIA RODRIGUEZ,

Plaintiff-Appellant,

Versus

YSLETA INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas, El Paso Division

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Patrica Rodriguez ("Rodriguez") filed this suit against the Ysleta Independent School District ("YISD") alleging that YISD's Board of Trustees ("Board") denied her procedural due process in violation of 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution when it terminated her employment contract.

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

1

The district court granted summary judgment in favor of YISD, holding that Rodriguez had received all process that was due. We AFFIRM the judgment of the district court.

Prior to her termination, Rodriguez was employed by YISD as a third grade bilingual teacher. Rodriguez was accused of testing irregularities in the administration of the Texas Assessment of Knowledge and Skills ("TAKS") reading test to her third grade class on March 3, 2004. While the test was in progress, colleagues observed Rodriguez inappropriately helping her students by calling them to her desk, returning their tests to them, pointing to the tests, and directing the students back to their desks with their tests. The colleagues also observed Rodriguez making erasures on the students' tests and making comments to the class that were outside the test script.

After an investigation, YISD recommended that the Board terminate Rodriguez's contract. YISD provided notice of the proposed termination to Rodriguez on April 15, 2004. Pursuant to section 21.253(a) of the Texas Education Code, Rodriguez made a request to the Commissioner of Education ("Commissioner") for a hearing concerning the proposed termination. Consistent with the statute, the hearing was held before a certified hearing examiner and proposed findings were entered by the examiner on July 14, 2004. On August 2, 2004, the Board adopted the examiner's

recommendations and voted to terminate Rodriguez's employment contract.

Rodriguez appealed her termination to the Commissioner. The Commissioner issued a decision denying Rodriguez's appeal. After Rodriguez's request for rehearing by the Commissioner was denied, Rodriguez was entitled under the statute to appeal the Commissioner's decision to a state district court but she elected not to do so.

Rodriguez brought the present suit alleging that she was denied procedural due process by YISD because the Board (1) failed to provide an unbiased and impartial hearing officer; (2) failed to allow Rodriguez the opportunity to confront and cross-examine witnesses against her; and (3) failed to allow Rodriguez to call and present witnesses on her own behalf.

The district court granted YISD's motion for summary judgment on Rodriguez's procedural due process claims on the ground that, inter alia, Rodriguez had received all the process that was due. We agree. YISD followed the Texas statute and gave Rodriguez a trial like factual hearing and the right to address the Board before any termination decision was made. In addition, Rodriguez had two levels of appeals available to her—first to the Commissioner and then to the state court.

While Rodriguez claims the hearing examiner was biased and committed various errors during the administrative hearing, she does not dispute that the district's board of trustees, the final decisionmaker, granted her a pre-termination opportunity to orally argue her case. During that argument, Rodriguez had the chance to call the hearing examiner's errors to the Board's attention and to challenge the hearing examiner's findings. Rodriguez makes no allegation that this proceeding was procedurally inadequate. In addition, after the Board voted to terminate her contract, Rodriguez acknowledges that she was provided with three opportunities at post-termination process under Texas law to appeal the Board's determination and to again correct mistakes caused by any errors on the part of the hearing examiner.

Accordingly, we agree with the district court's conclusion that Rodriguez was afforded all the rights of the due process framework under Texas law. These procedures meet the constitutional minimums for procedural due process. See Coogin v. Longview Indep. Sch. Dist., 337 F.3d 465-66 (5th Cir. 2003). Therefore, we conclude Rodriguez fails to establish a genuine question of material fact as to whether she has been denied procedural due process.

We therefore AFFIRM the district court's judgment.